BUFFALOE, The (SAVAGE v.).  See Case No. 12,382.

BUFFALO, N. Y. & P. R. CO. (SICARD v.). See Case No. 12,831.

BUFFALO PARK (UNITED STATES v.). See Case No. 14,681.

BUFFINGTON (BULKLEY v.).  See Case No. 2,117.

BUFFINGTON (DAY v.).  See Case No. 3,-675.

BUFFUM (ARNOLD v.).  See Case No. 554.

## Case No. 2,112.

### BUFFUM v. MERRY.

[3 Mason, 478.] [1]

Circuit Court, D. Rhode Island.  Nov. Term, 1824.

SALES—VESTING TITLE BY DELIVERY.

A. delivered cotton yarn to B. on a contract that the same should be manufactured into plaids; B. was to find the filling, and was to weave so many yards of the plaids at 15 cents per yard, as was equal to the value of the yarn at 65 cents per pound. *Held,* that by delivery of the yarn to B. the property thereof vested in him.

[Cited in Austin v. Seligman, 18 Fed. 521.]

At law. Trover [by William Buffum, Jr., against Barney Merry] for 2,900 pounds of cotton yarn and 7,000 yards cotton cloth. Plea, the general issue. [Plaintiff discontinued.]

At the trial of the cause, it appeared in evidence, that the plaintiff was the owner of 2,900 pounds of cotton yarn, and offered to sell it to one Hutchinson (who afterwards failed, and his property came by assignment to the defendant;) Hutchinson declined buying, but offered to take the yarn at the price of sixty-five cents per pound, and to pay the plaintiff the amount in plaids at fifteen cents per yard. He farther offered, as nearly as he could, to use the plaintiff's yarn in making the warp of the plaids, and to use for filling other yarn of as good a quality. The bargain was accordingly closed, and the yarn delivered to Hutchinson. At the time of Hutchinson's failure, the yarn was not manufactured into cloth, but, together with his other property, was assigned to, and came into the possession of the defendant, for the benefit of Hutchinson's creditors.

Thomas Burgess, for plaintiff, contended upon this evidence, that the plaintiff was entitled to recover, because the property in the yarn did not pass to Hutchinson under the contract, but remained in the plaintiff. He cited 10 Johns. 287; 19 Johns. 44.

Tibbets, for defendant, contended, that by the bargain and delivery, the property in the yarn passed to Hutchinson, and

---

[1] [Reported by William P. Mason, Esq.]

the plaintiff was to be paid in plaids, to be made out of the yarn; but until made and delivered, the plaintiff had no property in them.

STORY, Circuit Justice. My opinion upon this evidence is, that by the contract and delivery, the property in the yarn passed to Hutchinson. It was not a contract, whereby the specific yarn was to be manufactured into cloth wholly for the plaintiff's account, and at his expense, and nothing but his yarn was to be used for the purpose. There the property in the yarn might not be changed; but here the cloth was to be made of other yarn as well as the plaintiff's, the warp of the plaintiff's yarn, the filling of the defendant's. The whole cloth, when made, was not to be delivered to the plaintiff, but so much only as at fifteen cents per yard would pay for the plaintiff's yarn at sixty five cents per pound. What is this, but the sale of the yarn at a specified price, to be paid for in plaids at a specified price? Suppose after the delivery of the yarn to Hutchinson it had been burnt up, would not the loss have been his? Suppose after the plaids were manufactured, and before delivery of any part to the plaintiff, they had been destroyed, would the loss have been the plaintiff's? Certainly not. The plaids when manufactured would have been Hutchinson's, and the plaintiff would not have been entitled to any part of them before delivery to him in pursuance of the contract.

In the case of Babcock v. Gill, 10 Johns. 287, there was in the opinion of the court a constructive delivery of the pearl-ashes to the plaintiff after the manufacture, and they were separated from the other parcels. The case of Seymour v. Brown, 19 Johns. 44, is also distinguishable from that before the court. There the wheat was to be delivered to the defendants, and a barrel of flour was to be returned for every five bushels. The court were of opinion, that the facts did not prove a sale of the wheat, or an exchange of it for flour at so many bushels per barrel. They must have considered it like the case of a bailment of the wheat to be ground into flour, or a locatio operis faciendi. I do not perceive otherwise how that case can be supported, in point of law. If the flour to be returned was not to be ground out of the identical wheat sent by the plaintiffs, it is difficult to perceive how it differed from the common case of an exchange or sale. The property upon the delivery passed to the defendant, unless he was to return the same wheat ground into flour. If not to be returned, then supposing he had sent flour to the plaintiffs, ground from other wheat, would it be contended, that the defendant's wheat was not the property of the defendant? If not, when did it become the property of the defendant? certainly at the time of the delivery. The bargain was then complete. The rule is correctly laid down by

Sir William Jones in his Essay on Bailments (page 64), where speaking of loans of money, wine, corn, and other things, which are not to be specifically restored, but only in equal value or quantity, he adds, that in such case the absolute property of them is transferred to the borrower, for in such case it is not a bailment, but it becomes a debt. Jones, Bailm. 64, 102. So again quoting Alfenus, he says: "If an ingot of silver be delivered to a silver-smith to make an urn, the whole property is transferred, and the employer is only a creditor of metal equally valuable, which the workman engages to pay in a certain shape." Jones, Bailm. 102. In such a case, the only question is, whether the specific ingot is to be wrought up into the urn, or any other ingot of equal value. If the former, it is a bailment, if the latter, a contract for making and delivering an urn, in consideration of receiving an ingot of silver, and the payment of the expenses of the workmanship. What is a sale or exchange? Blackstone says it is a transmutation of property from one man to another in consideration of some price or recompense in value. If it be a commutation of goods for goods, it is more properly an exchange. 2 Bl. Comm. 446. Now that is precisely the present case. Cotton yarn was here bargained for plaids, to be delivered at a future time at certain stipulated prices. When the bargain was completed by delivery of the yarn, the property in the latter passed to Hutchinson.

NOTE [from original report]. The plaintiff upon this expression of the opinion of the court, discontinued his suit.