Cowen, J.
This was an action of trover for logs furnished by the plaintiff to the defendant, and delivered at or near his mill, to be, by a time fixed, manufactured into boards on shares, each to have one half. The defendant manufactured some of the more indifferent logs only; and converted the "whole to his own use. I speak of what the jury must be taken to have found under the form in which the questions of fact were submitted to them by the judge. As to damages, he charged that, if the defendant had failed to fulfil the contract on his part, he was liable for the whole, without any deduction on account of the half of what he had actually sawed.
The questions are, first, whether trover was properly brought \ *30 and secondly, whether, if it were, the direction was right in respect to the amount of damages.
Had the contract by the parties been one of sale, as, if the defendant had taken the logs, under a promise to return boards generally, of equal value to one half of the boards to be made out of them, the decision of the judge would have been erroneous. (Smith v. Clark, 21 Wend. 83—85, and the cases there cited.) But this was not the case. The plaintiff delivered his logs to the defendant, who was a miller, to be manufactured into boards—a specific purpose, from which he had no right to depart. On completing the manufacture he was to return the specific boards, deducting one half as a compensation for his labor. It is like the case of sending grain to a mill for the purpose of being ground, allowing the miller to take such a share of it for toll. This is not a contract of sale, but of bailment—locatio operis faciendi. The bailor retains his general property in the whole till the manufacture is completed ; and in the whole afterwards, minus the toll. ' The share to be allowed is but a compensation for the labor of the manufacturer, whether it be one tenth or one half. Thus, in Collins v. Forbes, (3 T. R. 316,) it appeared that Forbes furnished certain timber to one Kent, which the latter was to work up into a stage for the commissioners of the victualling office, he to receive one fourth of the clear profit and a guinea per week, on the work being done. This was holden to be a bailment by Forbes. So in Barker v. Roberts, (8 Greenl. 101,) A. agreed to take B.’s logs, saw them into boards and return them to B., who was to sell them and allow to A. all they brought beyond so much. This was held to be a bailment, and not a sale, though it was expressly agreed that the logs should remain all the while at A.’s risk. A. having sold the logs instead of sawing them, B. was allowed to recover their value against A.’s vendee. What difference is there in principle between an agreement by the owner to pay a share of the avails in money, and in a part of the specific thing 1 Either is but a compensation for his labor. Nearly all the books concede the distinction laid down in Jones on Bailm. *31 102, between an obligation to restore the specific thing, and a power or necessity of returning others equal in value. In the first case, it is a regular bailment. In the second, it becomes a debt. (Story on Bailm. § 439 ; Buffum v. Merry, 3 Mason, 478 ; Holbrook v. Armstrong, 3 Fairf. 31—34 ; Dearborn v. Turner, 4 Shepl. 17 ; Ewing v. French, 1 Blackf. 353, 355, & Note (2) ; Hurd v. Wesi, 7 Cowen, 752—756, & note (a) ; Smith v. Clark, 21 Wend. 84, 85.) (a) I have been unable to see any difference in the nature of the contract, whether there be an obligation to restore the whole, or only a part of the specific thing. The owner of goods may reserve the general ownership in the whole or in any part, as he pleases; and he can with no more propriety be said, pro tanto at least, to have parted with it in the latter case, than in the former.
Was it correct to tell the jury that, unless the defendant had performed his contract, no right vested in him to take any part of the boards, even a share of those which he had actually sawed 1 I think it was. I am of opinion that when a manufacturer receives goods for the purpose of being wrought in the course of his trade, the contract is entire; and without a stipulation to the contrary, he has no right to demand payment until the work is complete. A fortiori he has no right to carve out payment for himself, without consulting the bailor. A miller is entitled to take toll from your grist, on grinding it; but he chooses to grind only a part, and then sell the whole. He is not entitled to his toll for what he actually ground. It is like the common case of a man undertaking to labor during a certain time, or in finishing a certain amount of work, for so much. Till the labor be performed, he can claim nothing. It may be conceded that, had the logs in question been sawed as agreed, a tenancy in common would have arisen, and the plaintiff’s damages been thus limited to the value of one half the boards. Not having been so sawed, no right
*32 vested in the defendant; at least, none which could work a change in the relation between the parties of bailor and bailee. As I understand the judge, he directed the jury to allow damages upon this principle, should they think the case came within it. And I see nothing upon which I feel authorized to say that the verdict is not according to the weight of evidence.
Nelson, Ch. J. and Bronson, J. said, the question whether the plaintiff could recover as damages the value of all the boards which were made from the logs sawed, seemed not to have been distinctly made on the trial. They agreed, that the plaintiff was entitled to recover the value of all the logs.
New trial denied.

 The case of Smith v. Clark, (21 Wend, 84,) considers Seymour v. Brown, (19 John. R. 44,) as overruled.