HENRY L. PITLOCK *vs.* WELLS, FARGO & COMPANY.

A person left a sealed package containing treasury notes at the office of an express company to be carried to the town of B.; the company was not a common carrier to B.; the package was not carried to B.; demand was made therefor; and the company made search for it, but could not find it. *Held,* that on these facts the company was not liable for money had and received, nor for conversion of the notes.

CONTRACT, with a count in tort. The first count was against the defendants, who were a corporation, as common carriers, for failure to carry to Boston a package containing $1800 in treasury notes, delivered to them by the plaintiff in New York. The second count was for $1800 money had and received by the defendants to the plaintiff's use. The third count was for the conversion of treasury notes of the value of $1800.

At the trial in the superior court, before *Lord,* J., it appeared that the plaintiff gave a sealed package, containing $1800 in treasury notes, addressed to N. Broughton, Jr., Boston, to J. W. Smith, to be delivered to the defendants in New York, to be forwarded to Broughton at Boston. Smith, in his deposition, which was taken, testified : " On September 26, 1864, I delivered the package to some person in the office of the defendants in New York, and asked him if it was necessary to pay charges ; he replied it was not. That is all that was said."

Broughton testified that in December 1864 he first learned that the package had been sent to him ; that he then called at the defendants' office in Boston, asked for the package, and was told by

their agent that no such package had been received there; that he called several times at their office and inquired for the package, receiving substantially the same answer, and being at the same time informed that the defendants did not undertake to carry packages at New York to Boston; and that he was informed by the agent that he had made inquiries at the New York office, and that it could not be found.

It appeared that the defendants were an express company between the city of New York and San Francisco, and did in connection therewith a banking business in Boston, New York, San Francisco and various other places; that one side of their New York office was fitted up for their banking business, and the other for the receipt and delivery of letters, packages, &c., for or from California; that all packages received in Boston for San Francisco, and all packages arriving from San Francisco at New York for Boston and the East, were sent by the defendants in trunks, safes and bags from Boston to the New York office and from New York to the Boston office, where these packages were received and distributed by one of the New York and Boston express companies under a contract with the defendants. The defendants introduced evidence tending to show that the package in question was never left or received at the New York office; that they never took packages of any description at the New York office for Boston or at Boston for New York, and had no route between those points; and that search was made at the New York office, and no trace of the package could be found there or in any of the books of the company.

It did not appear in the opening of the plaintiff's counsel, save as claimed in the declaration, nor in the course of the trial, save as in the evidence reported, that the plaintiff made any claim against the defendants in any other character than as an express company and common carriers from New York to Boston. No evidence was offered, except as reported, of any delivery or deposit of this package at the New York office for any other purpose than for transportation by the defendants to Boston; but the plaintiff's counsel in his closing argument contended that if the defendants received the package in the manner stated in the

evidence of Smith, they were bound to transport the same to Boston; and that if they were not common carriers between New York and Boston, then they were liable as bailees, and this action could be maintained.

The judge instructed the jury, in addition to matters not now material, as follows:

" The exact question which you are to pass upon is, were these defendants common carriers? Did they receive this parcel containing this money for the purpose of delivering it in Boston? For if they are common carriers, and they received this money for that purpose, there has been shown no reason why they should not deliver it. I think it is not claimed upon the evidence that they are common carriers, in the ordinary acceptation of the term, between Boston and New York. The claim made is, that, being common carriers, and being common carriers over a route which embraces Boston and New York, they became liable as common carriers between Boston and New York, if they undertook it. As a matter of law, I instruct you that that is so; that if a person goes to the office of the defendants in New York and offers a package which the agent having the control and management accepts for the purpose of delivery in Boston, then they would be common carriers between New York and Boston as to that package, and would be responsible for its safe arrival.

" But there are still two questions: first, was there a delivery by Smith at all of that package in New York; and secondly, was there a delivery there and an acceptance by the persons there to deliver in Boston? Because if he went and put that package there and said nothing to anybody, and that was not their line, they were not bound to carry it there, and were not bound to use anything more than ordinary prudence in regard to it; and there is nothing in the form of action which would under these circumstances entitle the plaintiff to recover.

" Was the package delivered to the defendants? That you are to determine upon the facts as they appear before you. The only evidence that the package was left there comes from Smith, whose deposition you have before you; and the claim made by the plaintiff is, that a man, with the ordinary presumption of good

character, testifying to a transaction which he has seen, which has taken place in the ordinary course of business, is sufficient to satisfy you against what may be the general course of the business; while upon the other hand the defendants say it is entirely out of their line of business; that they never received any such package; that no person in the office received one at that time; that their practice is always to give receipts; that their practice is to put upon a book everything which is forwarded; and that nothing of this was done, and no such package was on that day received. Does the evidence satisfy you that Smith left the package there? If it does, then you will determine in what mode he left it there. Did he leave it there under such circumstances as that the party receiving it received it for the purpose of forwarding it to Boston? If a man goes into an express office or into a common carrier's office and says nothing, but throws a package down, and the party says nothing in reply to him, and his mind is not called to the fact as to where the package goes, then, unless that package is within the business of the party, unless it is on the route of the party, he becomes responsible for that package, not as a common carrier, but as a mere custodian or bailee of it, for which he would be answerable in a different suit than this, and under a different state of evidence from what there is here, but would not be answerable in this state of evidence.

" Did he deposit it there under such circumstances as that the defendants took it to take it to Boston? It is immaterial what Boston. If they took it to forward it to any Boston, no matter where, they are responsible if they did not forward it to the true one. Did they take it to forward to Boston? If they did, then they are responsible for it; if they did not, then they are not responsible, and are entitled to your verdict."

" If you are satisfied from the evidence offered by the plaintiff, affected as it may be in your minds by that offered by the defendants, that the defendants received that package to transport to Boston, then the plaintiff is entitled to recover the sum of $1800, and interest from September 26, 1864; but if the plaintiff has failed to satisfy you that such was the case, it is your duty to return a verdict for the defendants."

The jury returned a verdict for the defendants, and the plain-tiff alleged exceptions.

*A. A. Ranney*, for the plaintiff.

*A. Russ*, for the defendants.

WELLS, J.   The verdict establishes the fact that the defend-ants did not receive the package in such manner as to become chargeable as common carriers.   The instructions were sufficiently favorable to the plaintiff on that ground; and no objection is made to them here.

In his closing argument to the jury the plaintiff claimed that, if not chargeable as carriers, the defendants were liable as bailees, and might be held in this action, either for money had and re-ceived under the second count of his declaration, or in tort in the nature of trover under the third count.   The presiding judge refused to allow a verdict to be rendered for the plaintiff on this ground; and that alone is the question now before us.

Although the verdict negatives a receipt of the package by the defendants as carriers, it does not necessarily negative a deposit of it upon their counter.   It is upon the evidence of such a de-posit that the plaintiff relies.   But the only evidence to prove the fact shows that the package was delivered solely for the purpose of carriage, and entirely fails to show any other contract.   The obligations thus imposed upon the defendants, they not receiving it as carriers, would be those of an involuntary or gratuitous bail-ment.

As there was no evidence tending to show that the defendants appropriated the money to their own use, or ever had possession of it otherwise than as contained in a sealed package, the action cannot be maintained upon the count for " money had and re-ceived."   *Foster* v. *Essex Bank*, 17 Mass. 479.   *Bottom* v. *Clarke*, 7 Cush. 487.

To charge them upon the ground of negligence, something more must be shown affirmatively than that the package could not be found nor accounted for, upon search.   *Smith* v. *First Na-tional Bank of Westfield*, 99 Mass. 605.

There being no obligation to transport the package to Boston, or agreement to deliver it there, a non-compliance with the plain-

tiff's demand upon the agent of the defendants there would not constitute or prove a conversion. Even if a demand and refusal at Boston would be sufficient, the evidence fails to show such a refusal as would constitute a conversion. The response to the demand was a search for the package, with the result that it was not in the possession of the defendants, and that no trace of it could be discovered. There being no evidence to show this response to be untrue, and none of any conversion in fact before that time, the action cannot be maintained in the form of trover. *Johnson* v. *Couillard*, 4 Allen, 446. *Gilmore* v. *Newton*, 9 Allen, 171. *Dwight* v. *Brewster*, 1 Pick. 50.

It follows, inasmuch as the position of the plaintiff, in this aspect of his case, could not be maintained upon the evidence, that he has no reason to complain of the ruling against him, whatever were the grounds upon which that ruling was made.

*Exceptions overruled.*