Austin agt. Seligman *et al.*

---

## U. S. CIRCUIT COURT.

### JOHN AUSTIN agt. JAMES SELIGMAN *et al.*

*Contract — Right of a third party to sue upon a contract to which he is not privy — Bailment — Sale — Exchange — Partnership.*

If the complaint sets forth a cause of action either in tort or assumpsit, it is sufficient, and the plaintiff will recover such a judgment as the facts warrant irrespective of the form of the action.

Where the complaint alleged that some time prior to April 15, 1883, the plaintiff delivered to K. & Co. certain jeweler's sweepings to be refined, and agreed to pay the firm a certain price for refining the same. By the terms of the agreement between them, the sweepings were to be refined, and the product thereof delivered to or accounted for, and the value thereof, less the agreed price for refining the same, paid to the plaintiff within twenty days from the delivery thereof. It further alleges that on April 13, 1883, K. & Co. transferred and delivered all the property at their refinery works, including the said sweepings, to defendants, upon the agreement that defendants should fully pay and discharge all the debts, obligations and liabilities of K. & Co. It then avers that twenty days have elapsed since the delivery of the sweepings to K. & Co., and the plaintiffs have demanded of them and of the defendants the return of the sweepings, or, in default thereof, the delivery of the

product or value, upon payment of the agreed price for refining the same; that defendants and K. & Co. have neglected and refused to comply with the demand.   On demurrer to the complaint:

*Held, first,* that the delivery of the sweepings to K. & Co. was not a bailment because they had a right to return money in its place and trover is not an appropriate remedy.

*Second.* That plaintiff cannot maintain assumpsit upon the agreement set forth, because there is no recognition in it of any liability to him and nothing to indicate that any claim of his was present to the contemplation of the parties.

*Southern District of New York, November,* 1883.

*Thomas M. North,* for plaintiff.

*Jessie W. Lilienthal,* for defendant.

WALLACE, *J.* — The complaint demurred to alleges that some time prior to April 15, 1883, the plaintiff delivered to the firm of Kempf & Co., certain jeweler's sweepings to be refined, of the value of $4,299, and agreed to pay that firm for refining the sweepings the sum of $320.   That by the terms of the agreement between them the sweepings were to be refined, " and the product thereof delivered to or accounted for, and the value thereof less the agreed price for refining the same paid to the plaintiff within twenty days from the delivery thereof."   The complaint further alleges that on the 13th day of April, 1883, the firm of Kempf & Co. transferred and delivered all the property at the refinery works of the firm, including the aforesaid sweepings, to the defendants, upon the agreement and undertaking that the defendants should " fully pay and discharge all the debts, obligations and liabilities of Kempf & Co."   The complaint then avers that twenty days have elapsed since the delivery of the sweepings to Kempf & Co., and although the plaintiffs have demanded of them and of the defendants the return of the sweepings, or, in default thereof, the delivery of the product or the value upon payment of the agreed price for refining the same, that

defendants and the said firm of Kempf & Co. have neglected and refused to comply with the demand.

Under the rules of pleading which obtain in the courts of this state, if the complaint sets forth a cause of action either in tort or assumpsit it is sufficient, and the plaintiff will recover such a judgment as the facts warrant irrespective of the form of his action. It is urged for the plaintiff that he can maintain either trover or assumpsit upon the facts alleged. If the delivery of the sweepings was a bailment, trover is an appropriate remedy, because the title to the property remained in the plaintiff, and a demand and refusal to return it to him by the defendants, is sufficient evidence of a conversion, whether defendants were innocent purchasers or otherwise. But the rule is well settled that when by the terms of the contract under which property is delivered by an owner to another, the latter is under no obligation to return the specific property either in its identical form or in some other form in which its identity may be traced, but is authorized to substitute something else in its place, either money or some other equivalent, the transaction is not a bailment, but is a sale or exchange. Here the agreement was that Kempf & Co. should return the refined product of the sweepings or account for the value less the price for refining. They had an option which was inconsistent with the character of a bailment (*Hund* agt. *West,* 7 *Cow.,* 75 ; *Smith* agt. *Clark,* 21 *Wend.,* 83 ; *Foster* agt. *Pettibone,* 3 *Seld.,* 433 ; *Buffum* agt. *Merry,* 3 *Mason,* 478 ; *Chase* agt. *Washburn,* 1 *Ohio St.,* 244 ; *Ewing* agt. *French,* 1 *Black,* 353 ; *Schouler's Bailments,* 5).

The case is not one where they had possession of the plaintiff's property under an executory agreement to purchase, but one where the title passed on delivery unless the delivery was a bailment. It was not a bailment if they had a right to return money in its place. Unless the plaintiffs can recover in assumpsit upon the promise made by the defendants to Kempf & Co., to assume all the debts, obligations and liabilities of the latter, the complaint fails to show a cause of action.

He was not a party to the contract, nor did its consideration move from him, and there is nothing in its terms to indicate that it was intended to be made for his benefit.

The case thus presents the much vexed question as to the right of a third person to maintain assumpsit upon a contract which may inure to his benefit but to which he is not a party. It is stated in *Hilliard on Contracts* (425) that "the cases on this subject are very discordant, the earliest decisions holding that such action cannot be maintained. Many succeeding cases in England holding the contrary, and some American cases of high authority tending strongly to restore the old doctrine."

The subject has been recently somewhat considered in two cases in the supreme court of the United States. Mr. justice DAVIS, delivering the opinion of the court in *Hendrick* agt. *Lindsay* (93 *U. S.*, 143), says: "The right of a party to maintain assumpsit on a promise, not under seal, made to another for his benefit, although much controverted, is now the prevailing rule in this country." Mr. justice STRONG, delivering the opinion of the court in the *National Bank* agt. *Grand Lodge* (98 *U. S.*, 123), says: "We do not propose to enter at large upon a consideration of the inquiry how far privity of contract between a plaintiff and defendant is necessary to the maintenance of the action of assumpsit. The subject has been much debated and the decisions are not all reconcilable. No doubt the general rule is that such privity must exist. Undoubtedly there are many exceptions to it. * * * But where a debt already exists from one person to another, a promise by a third person to pay such debt being primarily for the benefit of the original debtor and to relieve him from liability to pay it (there being no novation), he has a right of action against the promisor for his own indemnity ; and, if the original creditor can also sue, the promisor would be liable to separate actions, and, therefore, the rule is that the original creditor cannot sue. His case is not an exception from the general rule that privity of contract.

Austin agt. Seligman *et al.*

is required." There are adjudications which hold broadly that, in a case like the present, where one party assumes to pay all the debts of the other a creditor of the promisee may maintain assumpsit against the promisor. Such a case is *Joslyn* agt. *New Jersey Car Company* (46 *N. J.*, 141). There are others which hold that where the promisor undertakes to pay certain specified creditors or debts of the promisee, the creditor can maintain suit against the promisor. Such a case is *Brown* agt. *Curran* (14 *Hun*, 260). Other cases decide that although by the agreement one of the parties undertakes, in general terms, to assume or pay all the debts of the other, if the agreement appears to be primarily intended for the benefit of the promisee, he is the only person who can recover upon the promise (*National Bank* agt. *Grand Lodge*, 98 *U. S.*, 123; *Dorr* agt. *Clark*, 7 *Gray*, 198; *Merrill* agt. *Green*, 55 *N. Y.*, 270; *Pardee* agt. *Treat*, 82 *N. Y.*, 385).

It will not be profitable to attempt to collate the authorities upon the general question.

In England it is now distinctly established, so far as any common law right of action is concerned, that a third person cannot sue on a contract made by others for his benefit, even if the contracting parties have agreed that he may (*Pollock, Cont.*, 196). While in both Massachusetts and New York the later decisions limit more strictly the exceptions to the general rule, that the person must sue to whom the promise is made. Neither in these decisions nor elsewhere in this country has the English rule been recognized. It has the merit of simplicity, but is artificial instead of being reasonable.

According to good sense and upon principle, there is no reason why a person may not maintain an action upon a contract although not a party to it, when the parties to the contract intend that he may do so. The formal or immediate parties to a contract are not always the persons who have the most substantial interest in its performance; sometimes a third person is exclusively interested in its fulfilment. If the parties choose to treat him as the primary party in interest, they rec-

ognize him as a party in fact to the consideration and promise. And the result of the better considered decisions is, that a third person may enforce a contract made by others for his benefit, whenever it is manifest from the nature or terms of the agreement that the parties intended to treat him as the person primarily interested. The cases of *Hendrick* agt. *Lindsay* and *National Bank* agt. *Grand Lodge*, and the expressions in these opinions do not antagonize upon this proposition, but accord with it.

The language of FOLGER, J., in *Simson* agt. *Brown* (68 *N. Y.*, 355), may be adopted as a correct and accurate statement of the law, as follows: "It is not every promise made by one to another, from the performance of which a benefit may inure to a third person, which gives a right of action to such third person, he being neither privy to the contract nor to the consideration. The contract must be made for his benefit as its object, and he must be the party intended to be benefited."

There is a class of cases where, under a contract between two persons, property has come to the hands of one of them, which in equity is charged with a lien or trust in favor of a third person, in which the latter may sue in his own name upon the promise to discharge the lien or assume the trust. These cases have no proper application to a case like the present, where a copartnership transfers its assets to a purchaser and the only interest of the plaintiff is that of a creditor at large of the selling partners. Such creditors have no lien for their debts upon the partnership assets, except in cases of insolvency or administration (*Colyer on Part.*, sec. 324; *Story Part.*, secs. 358, 360 ; *Crippen* agt. *Hudson*, 13 *N. Y.*, 161).

If on such a transfer the purchaser assumed to pay certain specified creditors or certain enumerated debts of the seller, it may be fairly urged that the parties contemplate a direct liability to the specified creditor on the part of the purchaser. On the other hand, when the agreement is silent respecting

any specific obligation to be assumed to a third person, the natural inference is that it was intended primarily for the benefit of the promisee and to adjust the rights and duties of the parties as between themselves.

Applying this criterion to the case in hand, the plaintiff cannot maintain assumpsit upon the agreement set forth, because there is no recognition in it of any liability to him and nothing to indicate that any claim of his was present to the contemplation of the parties.

The demurrer is sustained.