### DOMINGO J. LOPES *vs.* CÆSAR L. BRITO.

#### APPEAL FROM JUDD, C.J., IN CHAMBERS.

#### JULY TERM, 1889.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

Plaintiff deposited with defendant, who was a storekeeper, one hundred dollars in silver. The following receipt was given: "$100. I have in my hands belonging to Mr. Domingo J. Lopes to be changed for him in gold and afterward delivered to him. Cæsar L. Brito. Honolulu, April 10, 1886. One hundred dollars."

The money was placed in a drawer with other money of defendant, and was destroyed by a fire which destroyed defendant's premises.

Held, the transaction was not a bailment, as the specific chattel (the silver) was not to be returned.

The property in the silver passed to defendant and he became a debtor of the plaintiff to the value of the silver in gold.

#### OPINION OF THE COURT, BY PRESTON, J.

This is an appeal from the decision of the Chief Justice sitting in Chambers as the Intermediary Court for the Island of Oahu.

The facts of the case and the arguments of counsel are sufficiently set out in the decision appealed from.

On a consideration of such decision and of the facts, we are of opinion that the Chief Justice was correct in holding that the transaction between these parties was not a bailment, but a contract for the breach of which an action of assumpsit will lie. The decision appealed from is therefore affirmed with costs.

*C. Creighton,* for plaintiff.

*P. Neumann,* for defendant.

Decision of Chief Justice Judd, Appealed from.

The facts of this case are as follows :

On the 10th April, 1886, the plaintiff deposited with defend-ant, who was a storekeeper in Honolulu, one hundred dollars in silver and the following receipt was given therefor :

" $100.

" I have in my hands belonging to Mr. Domingo J. Lopes to be changed for him in gold and afterward to be delivered to him.                                            Cæsar L. Brito.

" Honolulu, April 10th, 1886.

" One hundred dollars."

This money was placed by defendant in a drawer of the stand under his iron safe, in which was $50 of his own money and $210 belonging to his uncle. The great fire of 18th April, 1886, which swept off the buildings of a large part of this town, destroyed defendant's store ; and the plaintiff's deposit as well as about $2400 of defendant's own money was thereby lost.

The plaintiff sues to recover this money ; the first count being assumpsit for money had and received, and the second count being for damages $100, for breach of contract for ·non-delivery of the gold to plaintiff.

The plaintiff's counsel, C. Creighton, contends that the facts create the relation of creditor and debtor between plaintiff and defendant. The specific chattel was not to be returned, but gold was to be given for silver. It was therefore a loan and not a bailment : citing Pattison vs. Syracuse Nat. Bank, 80 N. Y., 82 ; Benjamin on Sales, Sec. 2, note i ; Hilliard on Sales, Chap. 2 ; Smith's Merc. Law, p. 591, n. ; Story on Bailments, Ch. 1 ; Edwards on Bailments, Ch. 1 ; Jones on Bailments, p. 1–36 ; 2 Parsons Conts, p. 86–90.

If it was a bailment, the defendant is responsible for negli-gence ; keeping plaintiff's money in a drawer for eight days is gross negligence.

The defendant's counsel, P. Neumann : This is a gratuitous bailment. The defendant took the same care of plaintiff's

money that he did of his own and his relative's money, and there is no negligence shown by plaintiff on whom the burden rests.

The bailment was for the benefit of the bailor and only gross negligence will make the defendant liable when the loss is from accident: citing Jones' Bailments, 26; 2 Parsons' Conts., 89, 98; *Lloyd vs. West Branch Bank*, 15 Penn., 175; *Foster vs. Essex Bank*, 17 Mass., 501; *Barker vs. Graham*, 79 Penn., 106; *Coggs vs. Bernard*, 1 Smith's Leading Cases, p. 283; *Knowles vs. R. R. Co.*, 38 Me., 55; *Smith vs. Bank*, 99 Mass., 605; *Pulock vs. Wells, Fargo & Co.*, 109 Mass., 452.

### By the Court.

If this is a contract of bailment, I have no doubt that the law contended for by defendant's counsel is correct, *i.e.*, that when the deposit is for the benefit of the bailor (plaintiff), the bailee (defendant), if the service is gratuitous, is liable in law for loss by accident only in case gross negligence or bad faith on his part is shown.

But the difficulty here is to decide whether this is a contract of bailment or of loan. In this case, the plaintiff's specific silver was not to be restored, but its nominal value in gold. In Sir Wm. Jones' Essay on Bailments, pp. 74 and 75, the distinction is drawn, that if the thing loaned is "money, wine or oil and other things that may be valued by number, weight or measure, and are to be restored only in equal value," "as the specific things are not to be returned, the absolute property of them is transferred to the borrower, who must bear the loss of them if they be destroyed," etc. On page 105 the learned author says: "It may be right also to mention that the distinction before taken in regard to loans, between an obligation to restore the specific things and a power or necessity of returning others of equal value, holds good likewise in the contract of hiring and depositing; in the first case it is a regular bailment: in the second it becomes a debt.

*Buffum vs. Merry*, 3 Mason, 478, was decided by Judge Story in 1824. Here A. delivered cotton yarn to B. on a contract

that the same should be manufactured into plaids; B. was to find the filling, and was to weave as many yards of the plaids at fifteen cents per yard as was equal to the value of the yarn at sixty-five cents per yard. Held, that by delivery of the yarn to B. the property thereof vested in him. The learned Judge says that if the bailee is by the contract to return the specific article, changed by some process of manufacture, *locatio operis faciendi*, then it is a bailment, but here was a commutation of goods for goods. "Cotton yarn was here bargained for plaids to be delivered at a future time at certain stipulated prices."

In the case before me, silver is not to be manufactured into gold. Alchemy has not yet accomplished this. But $100 gold coin was to be given in exchange for the $100 of silver coin.

In *Smith vs. Clark*, 21 Wend., 83, wheat was delivered to a. miller to be made into flour, he engaging to deliver for every four bushels and fifty-five pounds of wheat one barrel of superfine flour. Held, that as there was no engagement to keep the wheat distinct, or that the identical wheat should be returned in the form of flour, it was a sale and not a bailment.

When an article is delivered to be manufactured or altered and the specific thing is to be restored, it is not a contract of sale, but a regular bailment, *locatio operis faciendi*, and the bailor retains his general property and the bailee acquires no interest in any part of the articles (as logs sawed into boards) by a mere part performance. *Pierce vs. Schenck*, 3 Hill, 28; 2 Kent's Com., 589 and notes.

These cases are analogous to the one at bar. There was, indeed, no process of manufacture undertaken by the defendant in this case, but he undertook to do something with the silver, to accomplish which he, as a storekeeper, had special facilities, that is, to give gold in exchange for the silver received from plaintiff, as an accommodation to him. I think the property in the silver passed to defendant and he became a debtor of the plaintiff to that amount in gold. Such being my view, there was no bailment, and judgment must be entered for plaintiff as claimed.